[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15301
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-22053-UU

WARREN OLIVER,

Plaintiff-Appellant,

versus

KATHLEEN FUHRMAN,
Public Health Nutrition Program Manager,
SHANE PHILLIPS,
Operation Manager,
CRAIG MCCORMICK,
Public Health Nutrition Program Manager,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
JOHN DOE,
Food Director at Martin Correctional Institution,
JOHN DOE,
Food Director at Dade Correctional Institution,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2018)

Before MARCUS, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Warren Oliver, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e).  In a previous appeal of the district court's dismissal of Oliver's original complaint, we held that the district court had not erred in dismissing the complaint for failure to state an Eighth Amendment claim, but nevertheless remanded the case to give Oliver an opportunity to amend his complaint.  In the instant appeal, Oliver argues that his amended complaint sufficiently stated an Eighth Amendment claim, because he alleged that prison officials served prisoners "toxic" soy-based meat and failed to ensure that the dishes were properly cleaned.  After careful review, we affirm.

We review de novo a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal, the complaint must state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must assert more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id.  A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the alleged misconduct. Id. We construe pro se pleadings more liberally than those filed by lawyers. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The Eighth Amendment governs the conditions under which prisoners are confined and the treatment they receive in prison. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Accordingly, the Eighth Amendment imposes duties on prison officials, who "must ensure that inmates receive adequate food, clothing, shelter, and medical care." Id. To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id. The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.

Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and

3

(3) displayed conduct that is more than mere negligence.  Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

A prisoner is entitled to reasonably adequate food.  See Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985).  This requires that the prisoner receives a well-balanced meal with sufficient nutritional value to preserve health. Id.  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id.

After reviewing the amended complaint, we cannot say that Oliver has stated an Eighth Amendment claim because, among other things, he still has not alleged a condition sufficiently severe to establish an Eighth Amendment violation.  See Chandler, 379 F.3d at 1289.  His complaint lacked factual support of any examinations or determinations that consuming soy-based protein or using unclean dishes was the cause of any identifiable medical issue.  Id.  While Oliver alleged a series of health problems, his complaint contained no facts demonstrating that his digestive issues were severe enough to constitute a serious medical need, or that they resulted from severe malnutrition.  See Hamm, 774 F.2d at 1575.  He also failed to adequately allege that residue on dishes deprived him of a minimal civilized level of life's basic necessities.  See Chandler, 379 F.3d at 1289.

Moreover, Oliver did not sufficiently allege that the defendants acted with deliberate indifference.  See Farrow, 320 F.3d at 1245.  He asserted no facts

4

showing that the defendants were presented with evidence that soy-based protein or grease residue on dishes was causing inmates to get sick, or that the defendants deliberately ignored the known health risks.  Id.  Nor does he allege that a governmental agency determined soy-based protein was unsafe for human consumption or improperly washed dishes caused severe illnesses, or that the defendants were placed on notice of such determinations.  Instead, Oliver merely concludes, without factual support and at the highest level of generality, that the defendants should have been aware of the potential harms because of their positions within the Florida Department of Corrections.  On this record, we conclude that the district court did not err by dismissing his amended complaint for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), and we affirm.

**AFFIRMED**.